**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4755**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DERRICK LAMONT SMITH,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:06-cr-00010-FDW-1)

───────────

Submitted:  June 25, 2009          Decided:  July 17, 2009

───────────

Before MICHAEL, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Smith appeals his conviction and the 120-month sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). Smith's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in imposing Smith's sentence, and whether Smith received ineffective assistance of counsel. Smith has filed no pro se supplemental brief. Finding no error, we affirm.

We conclude that Smith's sentence was procedurally and substantively reasonable. He was sentenced within the statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2) (2006). Additionally, his guideline range was correctly calculated, the guidelines were treated as advisory, the district court considered the 18 U.S.C. § 3553(a) (2006) factors, and the court adequately stated its reasons for imposing sentence. See Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007).

Smith also questions whether he received ineffective assistance of counsel. This court, however, "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record."

United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that Smith has failed to meet this standard, and therefore decline to review this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED